IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | : |
| | : |
| v. | : Case No. 3:13-cr-36-KRG-KAP-1 |
| THOMAS K. LIGHTHILL, | : |
| Defendant | : |

<u>Memorandum Order</u>

     Thomas Lighthill is alleged to have violated the terms of his supervised release in a petition filed in November 2022 at ECF no. 400, *see also* ECF no. 401. The warrant issued thereon was lodged as a detainer and executed on August 10, 2023. After a preliminary hearing this morning pursuant to Rule 32.1(b), I find, for the reasons discussed on the record, that there is probable cause to support the charge that defendant violated conditions #1 (commission of a new crime), #2 (use of controlled substances), and #3 (leaving the jurisdiction without permission).

     I accordingly forward the matter to the Court for the scheduling of a revocation proceeding.

     Pending that revocation hearing or order of Court, I order that the defendant remain in custody. For proceedings under Rule 32.1(b), Rule 32.1(a)(6) incorporates the provisions of the Bail Reform Act at 18 U.S.C.§ 3143(a)(1) and places on the defendant the burden of showing by clear and convincing evidence that there are conditions short of detention that will reasonably assure the defendant's appearance and the safety of the community. 18 U.S.C. §§ 3142(e), 3142(f). There is no evidence from which to conclude defendant is a risk of flight. The evidence of defendant's commission of new crimes while on supervised release, without considering evidence of the other violations, convinces me that conditions short of detention would not reasonably assure the safety of the community.

It is clear that drug addiction is the driving force behind the violations of supervised release and that defendant's risk to the community could be reduced by participation in a long-term inpatient drug treatment program if a suitable one is available. Therefore, if defendant execute the releases necessary for evaluation and assessment for a drug treatment program, he shall be evaluated at the Cambria County Prison for any suitable program. Upon notice that there is a recommended program, counsel shall contact the undersigned to schedule proceedings to determine whether release to that program will assure the safety of the community.

DATE: August 18, 2023

Keith A. Pesto,
United States Magistrate Judge

Notice by ECF to counsel of record, Probation, U.S. Marshal